**ESTATE OF Sanford R. REYNOLDS, Sr.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 1990.
Decided Oct. 26, 1990.

cases. *In re Amanda D.*, 549 A.2d 1133, 1134 n. 1 (Me.1988).

Gerard K. Williams (orally), Williams and Williams, Farmington, for plaintiff.

Jed Davis (orally), Jim Mitchell and Jed Davis, P.A., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

PER CURIAM.

Stephen T. Reynolds and Geoffrey L. Reynolds, the co-personal representatives of the Estate of Sanford R. Reynolds, Sr. (the Estate), appeal from an order of the Franklin County Probate Court (*Morton, J.*) entered after a hearing on the petition of Kenneth R. Hallum seeking, *inter alia,* the removal of Marilynn Reynolds–Marshall as co-personal representative of the Estate; controlled distribution of any monies due Reynolds–Marshall as a beneficiary of the Estate; a monthly accounting by the Estate to Hallum; and his costs and attorney fees incurred in that proceeding. The Estate contends that because the provisions in the order for a monthly accounting and the establishment of an escrow account did not reflect the agreement between the Estate and Hallum and because $948 of Hallum's costs and attorney fees were assessed against the Estate, the court abused its discretion. The Estate also contends that the court's order was not in the nature of injunctive relief and therefore its enforcement was stayed pending this appeal. We find no merit in any of the Estate's contentions and affirm the order of the Probate Court. We hold the Estate's appeal to be frivolous and award to Hallum his treble costs for this appeal, as authorized by M.R.Civ.P. 76(f), and remand this matter to the Probate Court for the assessment of Hallum's reasonable attorney fees to be paid by the Estate on account of this appeal.

The record in this case reflects the following uncontroverted facts: Five days before the hearing on Hallum's petition, Reynolds–Marshall filed with the court her conditional resignation as co-personal representative of the Estate. At the hearing, the Estate and Hallum orally presented to the court their agreement that the Estate establish an escrow account into which it would deposit monies due from the Estate to Reynolds–Marshall and that the Estate provide monthly accountings to Hallum. The nature and purpose of the agreement were fully discussed with the court, with certain suggestions being made by the court and agreed to by the parties. Neither party suggested a verbatim proposal for their agreement. The parties agreed to leave to the court the choice of appropriate language to reflect their agreement. The court then stated:

> I think I understand the agreement, and I will incorporate it into whatever order we end up with, and you both will have an opportunity to see it and to request changes if it doesn't fit with your expectations.

After the hearing, the court by its order removed Reynolds–Marshall as co-personal representative of the Estate, provided for the establishment of an escrow account and an accounting to Hallum by the Estate, and awarded Hallum attorney fees and costs in the amount of $948. At no time did either party object to the findings of the court or to any of the other contents of the order, nor did the Estate seek a stay of the order pending this appeal.

The Estate does not challenge the statutory authority of the court to enter an order providing for an escrow account and an accounting by the Estate but rests its challenge on the ground that the court abused its discretion by not properly reflecting the parties' agreement as to those matters. Because the Estate failed to bring its objection to the attention of the Probate Court, we review that portion of the order only for obvious error and we find none. *See* M.R.Prob.P. 61.

▮▮ Nor did the court abuse its discretion in its assessment of Hallum's attorney fees and costs against the Estate. M.R. Prob.P. 54(d)(1) provides that in a contested formal probate proceeding, costs may be allowed to either party out of the estate as provided by statute. 18–A M.R.S.A. § 1–601 (1981) authorizes the Probate Court in contested cases to order that the

costs and attorney fees for either or both parties be paid out of the estate in controversy "as justice requires." Here, the court specifically stated that the conditional resignation of Reynolds–Marshall did not eliminate the need for a hearing on that issue. The Estate does not contend, nor could it, that the costs and attorney fees allowed by the court were unreasonable. Nor is there merit in the Estate's contention that the court's order was stayed pending this appeal. M.R.Prob.P. 62(a) clearly provides that there is no stay during this period unless otherwise ordered by the court.

The entry is:

Order affirmed. Kenneth Hallum is awarded treble costs. Remanded to the Probate Court for the assessment of Kenneth Hallum's reasonable attorney fees to be paid by the Estate on account of this appeal.

All concur.